UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THERON CHARLES                                    CIVIL ACTION

VERSUS                                            NO: 13-2517

CAROLYN W. COLVIN,                                SECTION: R
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


<u>**ORDER AND REASONS**</u>

Plaintiff Theron Charles objects to Magistrate Judge Joseph Wilkinson's Report and Recommendation ("R&R"), which recommends that plaintiff's complaint under the Social Security Act be dismissed with prejudice. Having reviewed *de novo* the record, the Magistrate's R&R,[1] the plaintiff's objections thereto,[2] and the applicable law, the Court agrees with the Magistrate's recommendation and adopts the R&R as its opinion.

Plaintiff objects to the R&R on two primary grounds. The Court finds plaintiff's arguments unpersuasive for the following reasons.

First, Charles argues that "[t]he ALJ . . . ignored vast amounts of highly relevant medical evidence and, additionally, ignored evidence of Plaintiff's compliance with treatment after May, 2011" when she assessed plaintiff's credibility and residual

_____

[1]    R. Doc. 25.

[2]    R. Doc. 26.

functional capacity.[3] Judge Wilkinson addressed this argument at length in the R&R and found it to be without merit.[4] The Court agrees with Judge Wilkinson's thorough analysis. As he correctly noted, an ALJ may discount a plaintiff's subjective complaints when the alleged symptoms are not consistent with the objective medical evidence. *See Quijas v. Astrue*, 298 F. App'x 391, 393 (5th Cir. 2008) (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)). Credibility determinations of this sort rest primarily with the ALJ because they are "precisely the kinds of determinations that the ALJ is best positioned to make." *Spruill v. Astrue*, 299 F.App'x 356, 356 (5th Cir. 2008) (quoting *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994)). Here, the ALJ analyzed medical evidence demonstrating Charles' ability to perform certain activities, including household chores, limited walking, and light lifting,[5] and accordingly concluded that Charles's subjective account of his limitations was not entirely credible. That conclusion was entirely permissible.

---

[3]     *Id.* at 1.

[4]     R. Doc. 25 at 19-25.

[5]     *See, e.g.*, R. Doc. 15-7 at 114 ("He can feed and dress himself. He can stand for 15 to 20 minutes at one time and for about four hours in a span of eight hours. He can walk for 10 minutes on level ground, can sit for four hours, can lift a gallon of milk, and does not drive a car. According to him, he can perform household chores of sweeping, mopping, vacuuming, and cooking.").

Moreover, Charles's contention that the ALJ "ignored" evidence of his compliance with treatment beginning in June 2011 is meritless. In fact, as Judge Wilkinson explained, records from plaintiff's June 25, 2011 hospital admission reflect that he had continued to smoke marijuana after being repeatedly advised that he should spend his money on his diabetes medication instead of on marijuana.[6] When plaintiff was discharged, he was told unequivocally not to "smoke anything."[7] Nevertheless, records from an August 2011 examination reflect that plaintiff continued to smoke marijuana.[8] It was permissible for the ALJ to infer, based on this evidence, that Charles had continued his past practice of failing to comply with his treatment plan. *See Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) ("Our case law permits the ALJ's reasonable inferences."). The Court accordingly concludes that the ALJ's determinations in this case are supported by substantial evidence.

Second, Charles asserts that Judge Wilkinson and the ALJ erred at Step Three of the disability analysis "by solely focusing on whether Plaintiff's impairments individually met the requirements of a particular listing, ignoring altogether the

---

[6]     R. Doc. 15-7 at 205-06.

[7]     *Id.* at 206.

[8]     *Id.* at 218.

3

issue of equivalence."[9] But, as the R&R correctly notes, in order to obtain a remand based on an error at Step Three, a plaintiff must demonstrate that he meets, or at least appears to meet, the requirements for a listing. *See Aulder v. Astrue*, 501 F.3d 446, 448-49 (5th Cir. 2007); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) ("The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination."). Plaintiff has failed to do so here. He simply provides a laundry list of his symptoms, just as he did in his initial briefing to Judge Wilkinson.[10] As Judge Wilkinson's exhaustive analysis demonstrates, none of plaintiff's individual impairments meets the medical listings to which plaintiff adverts,[11] and plaintiff has presented no medical evidence suggesting that the combination of those impairments is equivalent to one of those listings. This failure is fatal to plaintiff's claim under the standards set forth in *Aulder* and *Selders*.

---

[9]     R. Doc. 26 at 6.

[10]     *Compare* R. Doc. 26 at 2-3 *with* R. Doc. 21 at 8-9.

[11]     R. Doc. 25 at 28-33. Plaintiff argues that "the Magistrate and ALJ both conveniently ignored the detailed exam of 8/23/11 which did reveal neurologic deficits," R. Doc. 26 at 6, but the page of the record plaintiff cites in support of that contention simply does not support a finding that plaintiff had neurologic deficits. It merely documents foot pain, hypertrophic nails, dry skin, rear foot varus, and equinus. *See* R. Doc. 15-8 at 7.

For the foregoing reasons, the Court agrees with Judge Wilkinson's conclusion: "The ALJ considered all relevant medical evidence when assessing plaintiff's credibility and functional capacity, and her findings are supported by substantial evidence. Plaintiff has failed to identify substantial evidence that he meets or medically equals Listings 1.02(A), 8.04, and/or 11.14."[12] Accordingly, plaintiff's complaint is dismissed with prejudice.

New Orleans, Louisiana, this 16th day of April, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[12]     R. Doc. 25 at 33.